**WO**                                                                                               SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damian Dudley,                ) | No. CV 08-1315-PHX-SMM (LOA) |
|             Plaintiff,        ) | **ORDER** |
| vs.                           ) | |
| MCSO Detention Officer Robbinson, et) al.,                          ) | |
|             Defendants.       ) | |

Plaintiff Damian Dudley, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.[1] (Doc.# 1, 3.) The Court will order Defendant Robbinson to answer Count I of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).

---

[1] Plaintiff filed an affidavit supporting that approximately $20,000 that had been in his inmate trust account was paid out as child support ($13,000) and for a legal retainer in his criminal case ($7,000). (Doc.# 5.)

**TERMPSREF**

1  The Court will assess an initial partial filing fee of $1.77.  The remainder of the fee will be
2  collected monthly in payments of 20% of the previous month's income each time the amount
3  in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate
4  Order requiring the appropriate government agency to collect and forward the fees according
5  to the statutory formula.

6  **II.    Statutory Screening of Prisoner Complaints**

7  The Court is required to screen complaints brought by prisoners seeking relief against
8  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
9  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
10 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
11 be granted, or that seek monetary relief from a defendant who is immune from such relief.
12 28 U.S.C. § 1915A(b)(1), (2).

13 **III.   Complaint**

14 Plaintiff alleges three counts for retaliation, denial of access to the courts, and denial
15 of outside recreation.  Plaintiff sues Maricopa County Detention Officer Robbinson, the
16 Maricopa County Attorney's Office, and Maricopa County Sheriff Joe Arpaio.  Plaintiff
17 seeks compensatory and punitive damages.

18 **IV.    Failure to State a Claim**

19 To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
20 conduct about which he complains was committed by a person acting under the color of state
21 law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.
22 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he
23 suffered a specific injury as a result of the conduct of a particular defendant and he must
24 allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.
25 Goode, 423 U.S. 362, 371-72, 377 (1976).

26 **A.     Hart v. Hill**

27 Plaintiff seeks relief in part pursuant to a judgment entered in Hart v. Hill, No. CV
28 77-0479-PHX-EHC (D. Ariz).  Plaintiff may not enforce the decree entered in Hart in a

TERMPSREF                                    - 2 -

1  separate civil rights action. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein
2  v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th
3  Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Moreover, standing
4  alone, remedial orders such as that entered in Hart cannot serve as a substantive basis for a
5  § 1983 claim for damages because such orders do not create "rights, privileges, or immunities
6  secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Rather, remedial
7  decrees are the means by which unconstitutional conditions are corrected. Id. at 1123. For
8  these reasons, Plaintiff may not properly seek § 1983 relief to enforce Hart in this action and
9  he fails to state a claim to the extent that he seeks relief pursuant to Hart.

### B.   Maricopa County Attorney's Office

Plaintiff sues the Maricopa County Attorney's Office. It is not, however, a proper defendant under § 1983. A "person" for purposes of § 1983, includes officials or officers who directly violated or caused a violation of a plaintiff's constitutional rights. In addition to individual officers or officials, a municipality is a "person" for purposes of § 1983; however, liability under § 1983 may be imposed against a municipality only if the plaintiff's constitutional injuries were the result of an official policy or custom of the municipality. Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91; Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). In other words, a plaintiff must allege that action taken pursuant to official municipal policy violated his constitutional rights. Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004). The Maricopa County Attorney's Office is neither an individual nor a municipality, therefore, it is not a "person" within the meaning of § 1983. Accordingly, it will be dismissed as a Defendant.

### C.   Sheriff Arpaio

Although Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official

1 capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or 2 custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, 3 there is no *respondeat superior* liability under § 1983, so a defendant's position as the 4 supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not 5 make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 6 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable 7 for constitutional violations of his subordinates if the supervisor participated in or directed 8 the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d 9 at 1045.

Plaintiff has not alleged that Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. Further, Plaintiff has not alleged that Arpaio directly violated his constitutional rights or that he was aware that Plaintiff's rights were being violated but failed to act. Thus, Plaintiff fails to state a claim against Arpaio in his Complaint.

### D.     Access to the Courts

In Count II, Plaintiff alleges that he was denied access to the courts because a preliminary hearing was not held within ten days of his initial appearance as required under state rules. The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or to file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however, only encompasses the right to bring a petition or complaint to federal court and not to discover or even effectively litigate claims once filed with a court. Id. at 354; Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration."). The right "guarantees no particular methodology but rather, the conferral of a capability--the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action. Id. at

1  351-53. That is, an inmate must establish that he suffered an "actual injury" when he alleges
2  that he was denied access to a paralegal or a law library. See Vandelft v. Moses, 31 F.3d
3  794, 797 (9th Cir. 1994). An "actual injury" is "actual prejudice with respect to
4  contemplated or existing litigation, such as the inability to meet a filing deadline or present
5  a claim." Lewis, 518 U.S. at 348. In other words, a plaintiff must allege facts to support that
6  a defendant's conduct prevented him from bringing to court a non-frivolous claim that he
7  wished to present. Id. at 351-53.

8  Plaintiff fails to allege facts to support how any Defendant allegedly denied him
9  access to the courts. He also fails to allege facts to support that he was actually injured as
10 a result of any alleged denial of access to the courts. For these reasons, Plaintiff fails to state
11 a claim in Count II and it will be dismissed.

### E.     Denial of Outdoor Recreation

In Count III, Plaintiff alleges that his conditions of confinement are unconstitutional because recreation pens are indoors rather than outdoors. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 537 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Nevertheless, the same standards are applied. See Frost, 152 F.3d at 1128.

To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002). That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm. Farmer, 511 U.S. at 834. Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).

In addition to alleging facts to support that he is confined in conditions posing a substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety. See Farmer, 511 U.S. 837. In defining "deliberate indifference" in the jail context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." Id. A plaintiff must also allege how he was injured by the alleged unconstitutional conditions. See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm); Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy requirement means that plaintiff must have an actual or threatened injury traceable to the defendant and likely to be redressed by a favorable judicial decision).

In Hearns v. Terhune, 413 F.3d 1036, 1042 (9th 2005), the Ninth Circuit stated that:

> "[e]xercise has been determined to be one of the basic human necessities protected by the Eighth Amendment," LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993), and a long-term deprivation of outdoor exercise for inmates is unconstitutional, see id. at 1458 ("[T]his circuit has determined the long-term denial of *outside* exercise is unconstitutional.") (emphasis in original). See also Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979) ("There is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates."); Toussaint v. Yockey, 722 F.2d 1490, 1493 (9th Cir. 1984) (holding that the district court did not err in concluding that the denial of outdoor exercise to inmates assigned to administrative segregation for over one year raised "substantial constitutional question").

In this case, however, Plaintiff merely alleges that the exercise pens at the Fourth Avenue Jail are indoors, rather than outdoors, allegedly in violation of the judgment in Hart. As noted above, alleged violations of the judgment in Hart do not give rise to a cause of action under § 1983. Further, Plaintiff does not allege facts to support a long-term denial of exercise, nor does he allege facts to support any injury to him resulting from denial of outdoor exercise. For these reasons, Plaintiff fails to state a claim for denial of outdoor recreation.

//

1 **V.	Claims for Which an Answer Will be Required**

2	In Count I, Plaintiff alleges that he was attacked by other inmates with sharpened
3 toothbrushes and stabbed in the face. Plaintiff was thereafter placed in solitary confinement
4 for his protection. Plaintiff alleges that he filed a grievance based upon the attack and that
5 he was told by Sergeant McKay that he would be written up on disciplinary charges if he did
6 not withdraw his grievance. Plaintiff refused to withdraw the grievance and Officer
7 Robbinson wrote up several disciplinary charges against Plaintiff. The disciplinary hearing
8 officer refused to sustain those charges where staff had identified Plaintiff as the assault
9 victim, who acted in self-defense. Plaintiff alleges that Officer Robbinson retaliated against
10 him for filing a grievance in violation of his right to seek redress of grievances. Plaintiff
11 sufficiently states a claim against Robbinson in Count I and Robbinson will be required to
12 respond to that count. See Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Sprouse
13 v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (where false disciplinary charges are filed by
14 officials in retaliation for the inmate's exercise of some constitutionally protected right, the
15 claim is actionable under § 1983). Robbinson will be required to respond to Count I.

16 **VI.	Warnings**

17	**A.	Release**

18	Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
19 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
20 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
21 in dismissal of this action.

22	**B.	Address Changes**

23	Plaintiff must file and serve a notice of a change of address in accordance with Rule
24 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
25 relief with a notice of change of address. Failure to comply may result in dismissal of this
26 action.

27	**C.	Copies**

28	Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

1  of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
2  stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
3  an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
4  may result in the filing being stricken without further notice to Plaintiff.

5  **D.     Possible Dismissal**

6  If Plaintiff fails to timely comply with every provision of this Order, including these
7  warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
8  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
9  comply with any order of the Court).

10 **IT IS HEREBY ORDERED:**

11       (1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc.# 3.)

12       (2)     As required by the accompanying Order to the appropriate government agency,
13 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.77.

14       (3)     Counts II and III and Defendants Maricopa County Attorney's Office and Joe
15 Arpaio are **dismissed** without prejudice.

16       (4)     Defendant Robbinson must answer Count I.

17       (5)     The Clerk of Court must send Plaintiff a service packet including the
18 Complaint (doc.# 1), this Order, and both summons and request for waiver forms for
19 Defendant Robbinson.

20       (6)     Plaintiff must complete and return the service packet to the Clerk of Court
21 within 20 days of the date of filing of this Order. The United States Marshal will not provide
22 service of process if Plaintiff fails to comply with this Order.

23       (7)     If Plaintiff does not either obtain a waiver of service of the summons or
24 complete service of the Summons and Complaint on a Defendant within 120 days of the
25 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
26 action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
27 16.2(b)(2)(B)(i).

28       (8)     The United States Marshal must retain the Summons, a copy of the Complaint,

1  and a copy of this Order for future use.

2  (9) The United States Marshal must notify Defendants of the commencement of 3 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal 4 Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The 5 Marshal must immediately file requests for waivers that were returned as undeliverable and 6 waivers of service of the summons. If a waiver of service of summons is not returned by a 7 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the 8 Marshal must:

9  (a) personally serve copies of the Summons, Complaint, and this Order upon 10  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

11  (b) within 10 days after personal service is effected, file the return of service 12  for Defendant, along with evidence of the attempt to secure a waiver of service of the 13  summons and of the costs subsequently incurred in effecting service upon Defendant. 14  The costs of service must be enumerated on the return of service form (USM-285) and 15  must include the costs incurred by the Marshal for photocopying additional copies of 16  the Summons, Complaint, or this Order and for preparing new process receipt and 17  return forms (USM-285), if required. Costs of service will be taxed against the 18  personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil 19  Procedure, unless otherwise ordered by the Court.

20  (10) **A Defendant who agrees to waive service of the Summons and Complaint** 21 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

22  (11) Defendant must answer the Complaint or otherwise respond by appropriate 23 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal 24 Rules of Civil Procedure.

25  (12) Any answer or response must state the specific Defendant by name on whose 26 behalf it is filed. The Court may strike any answer, response, or other motion or paper that 27 does not identify the specific Defendant by name on whose behalf it is filed.

28  //

1  (13)  This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
2 Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.
3  DATED this 20th day of August, 2008.

Stephen M. McNamee
United States District Judge